IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BROOKS CORNISH, | § | |
| | § | |
| Defendant Below, | § | No. 691, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0703024261 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 2, 2016
Decided: April 12, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 12th day of April 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) On November 21, 2007, the appellant, Brooks Cornish, resolved two cases by pleading guilty to Robbery in the First Degree, Assault in the Second Degree, and related charges. Cornish was sentenced to a total of twenty-nine years of Level V incarceration, suspended after four years and successful completion of the Key Program for decreasing levels of supervision.

(2) On February 4, 2014, the Superior Court found that Cornish had committed a violation of probation. Cornish was sentenced to a total of seventeen

years and ten months of Level V supervision, suspended after six years for decreasing levels of supervision. Cornish filed a motion to reduce sentence, which the Superior Court denied. We affirmed the Superior Court's judgment on appeal.[1]

(3)    On April 6, 2015, Cornish filed his first motion for postconviction relief under Superior Court Criminal Rule 61. The Superior Court denied the motion. On May 18, 2015, Cornish filed a petition for a writ of habeas corpus. The Superior Court denied the petition. Cornish filed a notice of appeal, but later voluntarily dismissed the appeal.

(4)    On October 7, 2015, Cornish filed his second motion for postconviction relief. The Superior Court denied the motion. This appeal followed.

(5)    Under Rule 61(d)(2), a second or subsequent motion for postconviction relief will be summarily dismissed, unless the movant was convicted after trial and pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable.[2] Cornish has not satisfied this standard. We conclude therefore that the Superior Court did not err in denying Cornish's motion for postconviction relief.

---

[1] *Cornish v. State*, 2015 WL 327122 (Del. Jan. 26, 2015).
[2] Super. Ct. Crim. R. 61(d)(2).

(6)    This is the third appeal Cornish has filed in less than two years relating to his 2014 violation of probation.  We warn Cornish that if he continues to file appeals from untimely and repetitive motions in the Superior Court, he will be enjoined from filing future appeals without leave of the Court.  We also warn Cornish to be mindful of Rule 61(j)[3] and that he risks the forfeiture of good time under 10 *Del. C.* § 8805(a) if he files complaints found to be factually frivolous, malicious, or legally frivolous under 10 *Del. C.* §§ 8803(b) or (c).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] Del. Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").